ESTATE OF NANCY E. ROSENBLATT, DECEASED, JOSEPH ROSENBLATT, TRUSTEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Rosenblatt v. Commissioner
Docket No. 2067-76.
United States Tax Court
T.C. Memo 1978-225; 1978 Tax Ct. Memo LEXIS 289; 37 T.C.M. (CCH) 957; T.C.M. (RIA) 78225; June 19, 1978, Filed Ralph H. Miller and Howard S. Landa, for the petitioner. Craig D. Platz, for the respondent. FAY
MEMORANDUM OPINION Fay, Judge: Respondent determined a deficiency of $ 16,319.65 in the Federal estate tax of the Estate of Nancy E. Rosenblatt. The issue presented is whether the value of the accumulated income and corpus of the Nancy E. Rosenblatt Trust (hereinafter referred to as the "trust property") is includible in the beneficiary-decedent's gross estate under either section 2033 [1] or section 2041. All of the facts have been stipulated and are so found. Petitioner Joseph Rosenblatt, Trustee (hereinafter referred to as petitioner), is trustee of the Nancy E. Rosenblatt Trust. No executor or administrator of the Estate of Nancy E. Rosenblatt has been appointed, and petitioner is the person who is in possession of the property involved herein within the meaning of section 2203. Petitioner resided in Salt Lake City, Utah, at the time of filing his petition herein. He timely filed the estate *291 tax return with the District Director of Internal Revenue at Salt Lake City, Utah. On December 30, 1958, Morris S. Rosenblatt created the Nancy E. Rosenblatt Trust. The trust was one of six created by the trustor for each of his grandchildren, one of whom was Nancy, then age three. The trust agreement contained a spendthrift provision and provided that the trust provisions and powers thereunder would be governed by Utah law. The relevant provisions of the trust agreement applicable to the Nancy E. Rosenblatt Trust are as follows: ARTICLE V
Primary Beneficiaries of Each Trust
* * * The Primary beneficiary of the trust for Nancy E. Rosenblatt shall be Nancy E. Rosenblatt. ARTICLE VI
Provisions Applicable to Each Trust
Except as the context otherwise clearly indicates, the following provisions of this article shall apply equally to each of these trusts: * * *
B. Discretion as to Income and Principal. With regard to all of the property of each trust and the income therefrom, Trustee shall have sole and complete discretion to pay or expend the same for the benefit of the primary beneficiary of such trust, monthly, annually, or at other convenient *292 times, but not less frequently than annually, or to retain the property of each trust and accumulate the income earned therefrom as part of the principal of such trust. C. Duration of Discretion as to Income and Principal. Discretion herein given to Trustee to pay to or expend for the benefit of the primary beneficiary of each trust, the property and income of such trust shall continue until such beneficiary attains the age of 21 years, or until the prior death of such beneficiary, whichever first occurs. D. Distribution. At the time that the primary beneficiary of a trust attains the age of 21 years, or upon the prior decease of such primary beneficiary, whichever event first occurs, Trustee shall distribute all of the property and remaining income of the trust of which such person was primary beneficiary as follows: (1) Trustee shall distribute absolutely to such primary beneficiary at the time such beneficiary attains the age of 21 years, in the event such beneficiary is then living, absolutely and in fee simple all of the property and remaining income of the trust of which such person is primary beneficiary. (2) In the event that such primary beneficiary is *293 not then living, Trustee shall distribute at the death of such primary beneficiary prior to attaining the age of 21 years, all of the trust property and remaining income to the estate of such primary beneficiary absolutely and in fee simple; provided, however, that in the event such primary beneficiary has exercised the general power of appointment herein given to such primary beneficiary, Trustee shall distribute the remaining property and income of the trust of which such person is primary beneficiary, to the person or persons appointed by such exercise, distribution to such appointee or appointees to be made only upon the death of such primary beneficiary prior to attaining the age of 21 years. E. General Power of Appointment. The primary beneficiary of each trust is hereby given a general power to appoint the property and income earned by property of the trust of which such person is primary beneficiary to the estate, the creditor, or the creditors of the estate of such primary beneficiary, or to any other person or persons (including Trustor or Trustor's estate), to be effective only at the time and in the event that such primary beneficiary dies prior to attaining the *294 age of 21 years. Such general power of appointment may be exercised by such primary beneficiary by will or by written instrument executed and delivered during life of the primary beneficiary to the Trustee, the exercise of such power, whether by will or by such written instrument, however, to be effective only at the time and in the event that such primary beneficiary dies prior to attaining the age of 21 years. Nancy E. Rosenblatt, a single person, died on July 5, 1972, at the age of 16. She was domiciled in the State of Utah at the time of her death. Because Nancy was a minor, she was precluded under Utah law from marrying or changing her domicile without parental consent and was also precluded from making a will to dispose of her estate. [2] During her lifetime, Nancy resided with and was supported by her parents and did not attempt to make a will or attempt to release or exercise the power of appointment contained in the trust. Respondent, in a notice of deficiency mailed to petitioner on December 9, 1975, determined that the value of the trust property ($ 151,957) *295 was includible in Nancy's estate under either section 2033 or section 2041. The first issue presented is whether the value of the trust property in the amount of $ 151,957 is includible in the decedent's gross estate under section 2033, which provides as follows: SEC. 2033. PROPERTY IN WHICH THE DECEDENT HAD AN INTEREST. The value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death. Petitioner maintains that "because the interest of Nancy's heirs in the trust property arose after Nancy's death, she did not possess an interest in it at the time of her death." Therefore, concludes petitioner, the trust property is not subject to taxation under section 2033. Respondent counters that Nancy's interest in the trust property was not a new interest which arose after her demise. To the contrary, asserts respondent, the remainder interest in the trust property vested in Nancy upon the execution of the trust in 1958. We agree with respondent. While it is true that Nancy's heirs had no interest in the trust property prior to her death, save a mere expectancy, it does not necessarily follow, *296 as petitioner contends, that Nancy had no interest in the property at the time of her death. Indeed, in the normal course of events, the interest of a decedent's heirs in property owned by the decedent does not spring into existence until her death. Therefore we must determine whether Nancy's remainder interest in the trust property was vested at the time of her death. To answer this question, we must look to the law of Utah. ; . Unfortunately, we are unable to find and the parties have not referred us to any decision by the highest court of that State which is determinative of the nature of Nancy's remainder interest. However, one overriding factor which Utah Courts have found useful in deciding the nature of a particular property interest is the purpose and intent of the grantor. See ; . In the present case we need not resort to various rules of construction to recognize that the trustor's intent was to vest the entire *297 interest in the trust in Nancy to the exclusion of all others. First of all, the trust instrument granted no others, individually or as a class, any interest in the trust property. Secondly, the trust language directing the trustee to pay the trust property to Nancy's estate if she died prior to attaining age 21 appears to have been added merely to insure compliance with section 2503(c) [3] in order to minimize the trustor's gift tax liability. We do not view this provision as an attempt by the trustor to restrict, or provide a contingency upon, Nancy's remainder interest in the trust property. Therefore, we conclude that the highest Court of Utah, if faced with the present facts, would hold that Nancy possessed a vested remainder in the trust property at her death. [4] As such, applying Federal law, Nancy's property interest is includible in her estate under section 2033. . *298 Having so held, we need not consider whether the value of the trust property is includible in Nancy's estate under section 2041. [5]
Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954.↩
2. Further, under Utah law, a guardian acting on Nancy's behalf could not have executed a will for her.↩
3. SEC. 2503. TAXABLE GIFTS. (c) Transfer for the Benefit of Minor.--No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom-- (1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and (2) will to the extent not so expended (A) pass to the donee on his attaining the age of 21 years, and (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c). ↩
4. Indeed, the economic realities involved strongly support our conclusion.See . Furthermore, respondent's regulations are in accord. See sec. 20.2041-1(b)(2) and sec. 20.2041-3(f), Exs. 4, 5, Estate Tax Regs.↩
5. Other arguments raised by petitioner are hereby dismissed without comment.↩